[L. A. No. 1.   Department Two.—January 30, 1896.]

G. F. DeLANY, Appellant, *v.* S. E. KNAPP, et al., Respondents.

Homestead upon Public Lands — Transfer by Patentee — Reconveyance—Divestiture of Exemption.—Although the title acquired by patent from the government of the United States by a homestead claimant is not subject to execution for any debt contracted prior to the issuance of the patent, so long as the title remains vested in the patentee, yet, where the patentee conveys all of his interest in the property, and subsequently acquires title by deed of grant from the transferee, he takes it divested of its homestead character and exemption, which do not revive upon his repurchase.

Id.—Conveyance without Consideration — Secret Trust—Protection of Bona Fide Purchaser—Execution Creditor of Homestead Claimant.—The title of an execution creditor who has made a *bona fide* purchase for value under execution sale against the original homestead claimant, upon a levy made after the transfer of the property by such homestead claimant, and its reconveyance to him, is protected as against any secret trust of which he had no notice, arising from the fact that the conveyance was made by the homestead claimant without

consideration to protect the title against his creditors; and the fact that the execution creditor could not complain of the transfer, will not defeat the title so acquired by him in good faith without notice of any latent equity.

ID.—RIGHTS OF SUBSEQUENT PURCHASERS—INCOMPETENT PROOF OF LATENT EQUITY.—Subsequent purchasers from the homestead claimant after the rights of the *bona fide* purchaser at execution sale had accrued, occupy no better position than would the homestead claimant himself; and neither he, nor those claiming under him, can defeat the title thus obtained by proof of a so-called "latent equity" in favor of the homestead claimant; and evidence of such equity is incompetent.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. W. L. PIERCE, Judge.

The facts are stated in the opinion of the Court.

*E. W. Hendrick* and *J. W. Murphy*, for Appellant.

The homestead claim of exemption was lost by a transfer, and did not revive upon reconveyance. (*Hebert* v. *Mayer*, 42 La. Ann. 839.) Neil was estopped to deny the validity of his deed of grant made to get the property out of reach of his creditors. (*Norris* v. *Kidd*, 28 Ark. 486; *Turner* v. *Vaughan*, 33 Ark. 454; *Chambers* v. *Sallie*, 29 Ark. 407; *Currier* v. *Sutherland*, 54 N. H. 475; 20 Am. Rep. 143; *Piper* v. *Johnston*, 12 Minn. 60; *Le May* v. *Bibeau*, 2 Minn. 291; *Huey's Appeal*, 29 Pa. St. 219; *In re Graham*, 2 Biss. 449; *Johnston* v. *McPherran*, 81 Iowa, 230; *Getzler* v. *Saroni*, 18 Ill. 511; *Gaines* v. *National etc. Bank*, 64 Tex. 18.) A *bona fide* purchaser is not affected by a secret or resulting trust. (Civil Code, secs. 856, 859, 2243, 2925, 2950; *Stockton etc. Assn.* v. *Chalmers*, 65 Cal. 93; *Nidever* v. *Ayers*, 83 Cal. 39; Pomeroy's Equity Jurisprudence, 658.) A judgment creditor who buys at his own sale is protected as a *bona fide* purchaser against latent equities of which he has no notice. (*Riley* v. *Martinelli*, 97 Cal. 575; 33 Am. St. Rep. 209; *Frey* v. *Clifford*, 44 Cal. 340; *Foorman* v. *Wallace*, 75 Cal. 552; *Gassen* v. *Hendrick*, 74 Cal. 444; *Schluter* v. *Harvey*, 65 Cal. 158; *Hunter* v. *Watson*, 12 Cal. 363, 377; *Gower* v. *Doheney*, 33 Iowa, 36; *Hal-*

*loway* v. *Platner*, 20 Iowa, 121; 89 Am. Dec. 517; *Evans*
v. *McGlasson*, 18 Iowa, 150; *Wood* v. *Chapin*, 13 N. Y.
509; 67 Am. Dec. 62.)

*Daney & Wright,* for Respondents.

The homestead vests in the settler upon the condi-
tions and limitations prescribed by statute. (Waples
on Homesteads and Exemptions, 924.)   That the home-
stead was commuted into a pre-emption is immaterial
to the exemption.   (Thompson on Homesteads, sec. 36;
*Clark* v. *Bayley,* 5 Or. 346; *Perry* v. *Ashby,* 5 Neb. 291;
*Baldwin* v. *Boyd,* 18 Neb. 444.)   The exemption from
liability for debts contracted prior to the patent in-
ures to the grantees of the patent, and runs with the
land.   (*Russell* v. *Lowth,* 21 Minn. 167; 18 Am. Rep.
390; *Baldwin* v. *Boyd, supra.*)   Neil was not estopped
from asserting the homestead character of the land
which had been reconveyed to him before it was at-
tached.   The conveyance was not fraudulent, and plain-
tiff was not a creditor who could be defrauded.   (Am.
& Eng. Ency. of Law, 749; *Hoyt* v. *Godfrey,* 88 N. Y.
669; *O'Conner* v. *Ward,* 60 Miss. 1036; *Wagner* v. *Smith,*
13 Term Rep. 560.)

HENSHAW, J.—Appeals from the judgment and from
the order denying a new trial.   The action was to quiet
title to one hundred and sixty acres of land.   The facts
of the case are as follow:

One Neil, from whom both plaintiff and defendants
deraign title, entered the land in controversy under the
United States homestead laws, and thereafter, pursuant
to the statute, commuted and paid for the land, receiv-
ing a patent therefor, which, by way of preamble and
recital, declared that, "Whereas, George Neil, of San
Diego county, California, has deposited in the general
land-office of the United States a certificate of the regis-
ter of the land-office at Los Angeles, California, whereby
it appears that full payment has been made by the said
George Neil, according to the provisions of the act of

Congress of the 24th of April, 1820, entitled 'An act making further provision for the sale of the public lands,' and the acts supplemental thereto, for" the land (describing it) "which said tract has been purchased by the said George Neil," etc.

Upon March 18, 1893, Neil, by deed of grant duly recorded, conveyed the land to Mrs. A. L. Treanor. Upon the fifth day of May following, Mrs. Treanor, by like deed of grant, also duly recorded, reconveyed the same property to Neil. Upon May 10th, five days after, a deficiency judgment was docketed against Neil, and in favor of this plaintiff. The land in controversy was then subjected to levy, and, on the fifteenth day of June, 1893, was sold at public auction, and purchased by this plaintiff. Thereafter, upon the twenty-third day of November, 1893, Neil executed his deed of grant to the same land to one Pauly, to whose title these defendants afterward succeeded.

For the reasons hereafter given we consider it unnecessary to pass upon the question whether, by his commutation, the character of the title Neil received from the government was that inuring under a homestead, or that attaching to a pre-emption patent. For the purposes of this consideration, it will be assumed (though not decided) that Neil took the land as a government homestead.

So taking, the land was not liable for any debt of Neil contracted prior to the issuance of the patent. (Rev. Stats. 1878, sec. 2296.) The deficiency judgment of plaintiff against Neil was for such a pre-existing debt.

Neil's deed to Mrs. Treanor was, upon the face of the recorded instrument, a conveyance of all his interest in the property, and, when he subsequently acquired title from her by deed of grant, he took the land divested of its homestead exemptions. The patentee sells his land. It is protected in the hands of the purchaser from any debt of the grantor which could not have been enforced against it while the title remained in him; and this is

all that the case of *Russell* v. *Lowth,* 21 Minn. 167, 118
Am. Rep. 390, decided upon the matter. But, as with a
state homestead, so with a federal; its character and
exemptions do not revive on a subsequent repurchase
by the original holder by whom it has been sold. (*Hebert* v. *Mayer,* 42 La. Ann. 839.)

But to overcome the effect of the deeds from Neil to
Treanor, and from Treanor to Neil, defendants were
permitted, over objections and exceptions, to call Mrs.
Treanor, who testified that Neil, who was sick, sent for
her, and said to her: "My creditors are pushing me
pretty hard. Would you object to having my property
put in your name, so that it will be beyond the reach
of my creditors?" Mrs. Treanor consented, the deed
was made under these circumstances without consideration, and the property thereafter in like manner reconveyed by her to him.

Plaintiff's claim was for a debt due prior to the issuance
of the patent. The land was, therefore, not liable for it,
and plaintiff was not one of Neil's creditors who could
have been injuriously affected by the transfer.

Upon the other hand, these transactions originated
and were executed in fraud. Plaintiff had no knowledge of the secret trust. She bought at the execution
sale in good faith and for value, upon the security of
the title which stood in Neil, and which, by the record,
was freed from homestead exemptions. Under these
circumstances, is she protected against the effect of this
private agreement?

I think she should be and is. It is true she was not
one of those creditors who could complain of the original
fraud and cause the conveyance to Mrs. Treanor to be
set aside. Nevertheless she was a *bona fide* purchaser
for value and without notice at the execution sale, and
her rights are the same as those which would have attached to an innocent third person buying under like
circumstances. She is protected against latent equities
of which she had no notice. (*Riley* v. *Martinelli,* 97 Cal.
575; 33 Am. St. Rep. 209.)

The defendants, deriving their title from Neil after the rights of plaintiff as purchaser had accrued, occupy no better position than would he. Where he would be estopped, so are they; and what binds him concludes them.

The fact that plaintiff was not one of those whose injury was intended by the original fraud would not be a reason for permitting Neil to prove it against her, if in fact she had innocently suffered by reason of it, and if Neil could not prove it neither could those claiming under him.

If the transfers had been made with the understanding that they were designed merely to effect an apparent destruction of the homestead character of the land, no one would assert that Neil could prove this fact against one who had changed his situation under a belief in the *bona fides* of the matter. Yet this is the precise result which, if not intended, necessarily followed the fraud of Neal and Mrs. Treanor. Neil held out to the world that he had purchased the land under circumstances which by operation of law freed it from its homestead exemptions. An innocent third person dealing with this property relied upon these circumstances and bought the property after a levy and sale which were legal except for this secret and fraudulent transaction. Neil cannot, nor can those claiming under him, defeat the title thus obtained by proof of any such "latent equity."

The admission of the evidence of Mrs. Treanor was thus error for which the order denying a new trial must be reversed and the cause remanded. So ordered.

McFarland, J., and Temple, J., concurred.