## VAN DOREN v. MILLER et al.

Under the provision of Rev. St. U. S. §2296, relative to homestead entries, that "no lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor," the person making the entry having conveyed his interest in the land to his wife, and it having subsequently come to him through succession to her estate, on her death, all before issuance of the patent, it is not liable for his debts contracted while she owned it.

FULLER, P. J.,    dissenting.

(Opinion filed February 12, 1901.)

Appeal from circuit court, Lake county, HON. JOSEPH W. JONES, Judge.

Action by Eldora A. VanDoren against E. R. Miller and others. Judgment for plaintiff. Defendants Charles Miller and G. L. Lowe appeal. Affirmed.

The facts are stated in the opinion.

*F. L. Soper*, for appellants.

When the patentee of land as a government homesteader conveys it, on its subsequent re-conveyance to him, by his said grantee, the land is divested of its homestead qualities and is liable in his hands for debts contracted prior to the issuance of the patent.  De-Lany v. Knapp, 43 Pac. 598; Herbery v. Mayer, 8 So. Rep. 590.

*Murray & Porter*, for respondent.

A homesteader can *convey* and *incumber* his homestead *before proof is made*.  And such a transfer conveys the *equitable title*. When patent issues it is made to retate back to such conveyance and vests title, in fee, in the transferee as of that date.  Such a conveyance, by the husband to the wife, does not divest land of its homestead character, nor subject it to judgment lien.  Green v. Farren,

5 N. W. 557; Bank v. David, 74 N. W. 43; Knight v. LeRoy, 11 N. W. 604; Diller v. Halley, 81 Fed. 651; Flanagan v. Forsyth, 50 Pac. 155; Lang v. Morley, 42 N. W. 88; Spies v. Newberg, 36 N. W. 417; Orr v. Stewart, 7 Pac. 639.

CORSON, J. This is an action to quiet title to a portion of a quarter section of land in Lake county. Findings and judgment were for the plaintiff, and the defendants appeal. The plaintiff deraigns title through one Thomas H. VanDoren, who made a homestead entry upon the quarter section in 1876, and received a government patent therefor in 1893. The defendant claims title under a judgment in an action in which E. R. Miller was plaintiff and Thomas H. and Isaac N. VanDoren were defendants, docketed in Lake county in August, 1887, and the deed issued thereon in March, 1898. In 1880 Thomas H. VanDoren conveyed his interest in said quarter section to his wife. In 1881 the wife died intestate, leaving her husband, Thomas H., and three minor children, who succeeded to her estate. VanDoren and the children resided upon the property until the fall of 1885, when they removed to another part of the county. In July, 1885, VanDoren became indebted to said Miller, which resulted in the sale and deed under which the defendants claim title. The court, having found the facts substantially as above stated, concluded, as matter of law, that the plaintiff is the owner in fee simple and entitled to the possession of the land described in the complaint, and that neither of said defendants has any right, title or interest in or to said land, or any part thereof.

It is contended on the part of the respondents, in support of the judgment of the court below, that, as the land was entered by Thomas H. VanDoren as a homestead under the laws of the United States, it was exempt from liability for any debt contracted by him prior to the issuance of the patent in 1893, under the provisions of

section 2296, Rev. St. U. S., which reads as follows: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." The appellant, on the other hand, contends that as VanDoren conveyed the property to his wife, and subsequently it came to him through succession to her estate, that section does not apply, and that by his conveyance he ceased to have the protection of the statute, and the sale thereafter made for a debt contracted by him subsequent to the time he succeeded to the property was a valid sale, and hence the defendant Miller is entitled to the property under his deed.

It wil be noticed, by the terms of the act, that it is explicitly provided that no land acquired under the provisions of that act should in any event become liable for any debt contracted prior to the issuing of a patent therefor; and we must presume that congress used the term "patent" advisedly, and with the intention of barring any and all debts contracted by the homestead claimant prior to the issuance of the patent. In discussing this section of the statute, Judge DILLON uses the following language: "It is not difficult to discover the reason for this provision. A leading object of the enactment was to benefit the poor man who was unable to buy lands at government price and receive his title at once and without condition, and it undoubtedly occurred to congress that many persons who had been unfortunate and were insolvent, would avail themselves of the act; and conceiving that the creditor, in such cases, had no equity to subject to the payment of his debt lands which had been given to the debtor by the bounty of the government, and to protect the debtor, and encourage persons to settle upon the public domain under the act, the fourth sectionwas adopted." Seymour v. Sanders, 3 Dill. 437 Fed. Cas. No. 12,690. Taking this view by Judge DILLON

as the correct one, it will be seen that the entry by the homesteader and its exemption from liability for his debts is in the nature of a contract, and that such homestead remains exempt from liability for the debts contracted by such homesteader prior to the issuance of the patent.   In the case at bar, therefore, the conveyance of the property to his wife by VanDoren did not have the effect of depriving him of the benefit of this contract.   This seems to have been the view taken by the supreme court of Nebraska in a case where this identical question was involved.   Brandhoefer v. Bain, 45 Neb. 781, 64 N. W. 213.   In that case Adam Brandhoefer, who had entered the land as a homestead under the federal law, conveyed the same to one Leonidas Brandhoefer, who subsequently conveyed the property to Eliza Brandhoefer, the wife of Adam Brandhoefer. Soon after, the wife died, and the property was set apart to Adam Brandhoefer as the homestead of the husband.   It will thus be seen that the case is very analogous to the one at bar.   In discussing this question the learned supreme court of Nebraska says:   "There can be no doubt, therefore, that the land was not subject to the payment of this debt before Brandhoefer conveyed it.   Nor did it become liable for the debt in the hands of his grantees.   But it is urged that, having again reached him, it is now liable; in other words, that while it was not liable so long as he retained it, or in the hands of anyone deriving title through him, still whenever he should acquire a new title to the land it would then become liable.   *   *   *   Recurring to the statute, its language is of the broadest character.   Lands acquired under the homestead act shall not 'in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor.'   If we should hold that when the patentee has conveyed the land to another and then re-acquires it, it  then becomes subject to liability for debts created prior to the is-

suing of the patent, we should hold that in one event the exemption should not apply; thus, as we believe, ingrafting an exception upon a statute couched in universal terms. Furthermore, as will be seen by an examination of the cases already cited, the courts have not regarded this act merely as one of exemption, simply staying the hands of the officers so long as the land is retained as a homestead, but, on the other hand, they have always treated it, not as an exemption, strictly speaking, but as a reservation or contract in the grant itself, whereby, acting under sovereign authority, the federal government has refrained from conveying the land in such a manner as to subject it to the payment of this particular class of debts. No lien for such a debt ever attached to the land during the patentee's original tenure, or while it remained in his grantees; and we can perceive no sound reason why, when he became re-invested with the title, a lien should then, for the first time attach. It is said that when the entryman has been protected in the possession of the land so long as he retains it as his homestead, and when he is permitted to dispose of it for full value without subjecting it to the debt in the hands of his grantee, he has received the full benefit of the exemption and he should not be entitled to claim the exemption should he become re-invested with the title. This argument has force, but we do not think it should prevail against the strong language of the exempting statute, and the manifest object to make the land not merely temporarily exempt from execution, but to grant it absolutely and forever free from liability. Our conclusion is that a particular tract of land acquired under the federal homestead law is forever exempt from liability for the debts of the patentee created before patent issued, and this without regard to whether he remains the owner or regains the ownership." This reasoning of that court fully meets with our approval. It gives what we believe to be a reasonable and

fair construction to the section of the Revised Statutes of the United States above quoted, and carries out the evident intention of congress in its enactment.

It is contended on the part of the appellant that the decision in the Brandhoefer case was greatly modified, if not overruled, by the case of Duell v. Potter, 51 Neb. 241, 70 N. W. 932, but an examination of that case satisfies us that the former case was not overruled or modified. In that case the court held that, "although lands acquired as a government homestead are forever exempt from liability for the debts of the patentee created before the patent was issued, such lands, in the hands of a subsequent owner, are not exempt by the federal homestead law from the payment of the debts of the latter incurred prior to the issuance of the patent." In the course of the opinion the court referred to the case of Brandhoefer v. Bain, *supra,* but indicated no intention of overruling or modifying the decision there made. It will be noticed in the Duell case that an attempt was made to apply the rule to a party who was not the original homesteader, and the court, we think very properly, held that it did not apply to one not the grantee in the original patent. In DeLany v. Knapp, 111 Cal. 165, 43 Pac. 598, the learned supreme court of California seems to have taken a somewhat different view of the section we have been considering. The question of fraud, however, entered largely into that case, and we think the decision was based mainly upon the fact that the conveyance was made for the purpose of defrauding creditors. But, if not so, the ruling of the Nebraska court is more satisfactory to us, and more fully meets our views.

Taking this view of the law, we do not deem it necessary to consider a number of questions discussed in the briefs of counsel. It is clear from the facts found in this case that the debt was contracted,

the judgment entered, and the sale made several years prior to the issuance of the patent by the government to Thomas H. Van-Doren; and, this being so, the sale and all proceedings thereafter were absolutely void, and the defendants therefore acquired no title under the deed issued upon said sale. The judgment of the circuit court is affirmed.

FULLER. P. J., dissenting.