GOULD v. TUCKER *et al.*

1. Where deceased entered certain public land as a timber-culture claim, made his final proof, and received a duplicate receiver's certificate, showing payment to the United States land office of the fees required for taking and receiving testimony in the case, during his life, but the patent was not issued until after his death, the legal title to the land remained in the United States until the patent issued.

2. Act Cong. March 3, 1891, c. 561, 26 Stat. 1095 [U. S. Comp. St. 1901, p. 1535], providing that no land acquired under the provisions of the act relating to timber-culture claims shall, in any event, become liable to the satisfaction of any debt or debts contracted prior to the issuance of the receiver's certificate therefor, is a substantial re-enactment of Rev. St. U. S. 1878, § 2468, and will be enforced in the state as well as the federal courts.

(Opinion filed July 13, 1904.)

Appeal from circuit court, Spink county; Hon. J. H. Mc-
Coy, Judge.

Action by Mina A. Gould against O. C. Tucker and an-
other. From a judgment in favor of plaintiff, defendants ap-
peal. Affirmed.

*W. F. Bruell*, for appellants.

The issuance of the patent after the entryman has com-
pleted his final proof is only a ministerial or clerical act on the
part of the government and neglect or delay in the issuance of
the patent by the government, when there is no appeal or con
test pending, does not affect the rights of the entryman and
his ownership of the property. Myers v. Croft, 13 Wall 291;
Brill v. Stiles, 35 Ill. 209; Sillyman v. King, 36 Ia. 207; Moyer
v. McCullough, 1st Ind. 339; Cady v. Eighmey, 7 N. W. R. 102,
Ia.

*Sterling & Clark*, for respondent.

The equitable interest acquired by entrymen on the pub-
lic domain by virtue of receiver's receipt, is such that the
courts will not compel specific performance of a contract to
convey such lands until after patent actually issues, nor rec-
ognize a transfer of such equitable interest as conveying the
legal title. Close v. Stuyvesant, 3 L. R. A. 161; Bowne v.
Wolcott, 48 N. W. 336.

Congress alone has the power to say when and in what
manner title to the public land passes from the government,
and the Federal courts alone have authority to interpret the
acts of congress in this respect. Gibson v. Choteau, supra;
Michigan Land and Lumber Company v. Rust, 168 U. S. page
590; Bagnell v. Broderick, 13 Peters 436; Wilcox v. Jackson,
13 Peters 516; Paige v. Peters, 35 N.W. 328; Irwin v. Marshall,
20 Howard 564.

The legal title remained in the United States government until patent issued. Stringer v. Lessee of Young, 3 Peters 320; Boardman v. Lessors of Reed *et al.*, 6 Peters 328; Guaranty Sav. Bank v. Bladow, 69 N. W. 41; Am. Mtg. Co. v. Hopper, 12 C. C. A. 293; U. S v. Steenerson, 1 C. C. A. 552; Vantongeren v. Heffernan, 5 Dak. 180.

The rights of the original entryman as to exemption from debts contracted prior to the issuance of the final certificate inures to the heirs who take in his stead, as well as it would to the original entryman had he lived to receive patent. Section 2468 Rev. Stat. of the U. S.; Gjerstadengen *et al.* v. Van Dusen, 76 N. W. 233; Brandoffer v. Bain, 64 N. W. 213; Van Dorn v. Miller, 85 N. W. 187; Chapter 561, U. S. Statutes, (1891.)

CORSON, P. J.   This is an action by the plaintiff to enjoin the defendant Tucker, a judgment creditor, and E. B. King as sheriff, from selling certain real estate in Spink county claimed by the plaintiff. The case was tried to the court without a jury, and, the findings and judgment being in favor of the plaintiff, the defendants have appealed.

The findings of the court are based on an agreed statement of facts, and may be briefly stated as follows: That plaintiff is the widow of one James S. Gould, deceased, who departed this life on the 24th day of February, 1895, leaving surviving him the plaintiff and seven minor children; that the said James S. Gould, deceased, in his lifetime, filed on a quarter section of land (being the land a part of which is in controversy) under the timber-culture laws of the United States, and that on or about the 14th day of November, 1894, the said Gould made his final proof, and received a duplicate receiver's

receipt, showing payment to the United States land office of the fees required for taking and receiving testimony in the case; that the patent to the said quarter section was not issued by the Land Department until the 14th day of June, 1895; that the estate of the said James S. Gould was duly probated by the county court in and for Spink county, and that the decree of distribution was made on the 21st day of March, 1900, and that plaintiff herein, as widow of the deceased, received an undivided one-third interest in and to the estate of the said Gould; and that the children of the deceased received the undivided two-thirds interest therein. The court further finds that on the 24th day of August, 1899, O. C. Tucker, one of the above named defendants, obtained a judgment in the circuit court, in and for the county of Spink, against Mina A. Gould, the plaintiff herein, and the estate of James S. Gould, in the sum of $1,-127.01, upon a promissory note executed by said James S. Gould and Mina A. Gould in 1893; that execution was issued thereon, and placed in the hands of the said defendant E. B. King, sheriff as aforesaid, and that thereupon the said sheriff proceeded to levy upon the undivided one-third interest of the plaintiff in and to the quarter section so entered as a timber-culture claim by the deceased; that the plaintiff duly presented to the said sheriff a claim for the said one-third interest as exempt property; that the debt for which the said judgment was recovered was contracted long prior to the issuance of the receiver's final receipt.

From these findings the court concludes, as matters of law, that the legal title to the said quarter section remained in the United States government until the issuance of the patent on the 4th day of June, 1895; that upon the death of the said

James S. Gould, in February, 1895, his heirs at law succeeded to his equitable interest in the same; that plaintiff herein, as widow of the deceased, was entitled to, and after issuance of patent and after probate proceedings in the county court became entitled to, the said undivided one-third interest in and to the said quarter section of land; that plaintiff took said undivided one-third interest in and to the said above-described real estate as grantee of the United States government, by virtue of her being one of the heirs of the deceased entryman, James S. Gould; that the plaintiff's interest in and to the said real estate is, by virtue of the timber-culture laws of the United States, exempt from levy under execution and sale upon the judgment held by the defendant O. C. Tucker; and that the plaintiff is entitled to the relief prayed for in her complaint. The court thereupon entered judgment restraining the defendants from proceeding with the said sale.

It is contended by the appellants that the title to the real estate in controversy was vested in James S. Gould at the time of his death, as Gould had completed his final proof and received his final receipt therefor in November, 1894, some months prior to his death, and that as the patent was issued in his name and received several months after his death, the title to the said land vested in his estate. It is further contended by the appellants that, as Gould had completed his final proofs, the land became subject to the debts contracted by him and the plaintiff prior to the issuance of the said final receipt. It is contended by the respondent that the legal title to the property in controversy remained in the United States until a patent was issued therefor, and that, the patent not having been issued during the lifetime of the deceased, the estate, as

such, never became entitled to the property, but that the widow and children succeeded to the title as beneficiaries under the laws of the United States, and not as heirs of the said Gould.

We are inclined to take the view that the legal title remained in the United States until the patent was issued, and that the said Gould, in his lifetime, only had the equitable title to the property. Vantongeren v. Heffernan, 5 Dak. 180, 38 N. W. 52.

But in the view we take of the case, it is not necessary to decide at this time whether the plaintiff acquired a one-third interest in the property under the law of succession, or as a beneficiary under the laws of the United States, for in either case we are of the opinion the property was exempt from sale under execution for a debt contracted by the deceased and the plaintiff prior to the issuance of the final receipt. By chapter 561 of the Laws of the United States for 1891, relating to timber-culture claims, it is provided that no land acquired under the provisions of the act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuance of the receiver's receipt therefor. Act March 3, 1891, c. 561, 26 Stat. 1095 [U. S. Comp. St. 1901, p. 1535]. This proviso is substantially a re-enactment of section 2468 of the Revised Statutes of the United States of 1878, and was therefore in force when Gould's right to the timber-culture claim was acquired. In the disposition of the public lands, the government may impose such conditions as it deems proper. It seems to have been for many years the policy of the government to secure the settlement of the public lands, and, as an encouragement to such settlement, it has made provisions exempting

the lands so settled upon from sale for debts contracted prior to the issuance of the final certificate; and there seems to be no valid reason why such exemption should not be enforced in the state as well as federal courts. This question was very fully considered in the case of Van Doren v. Miller, 14 S. D. 264, 85 N. W. 187, in which a similar question was presented, and in which this court, after quoting from the opinion of Judge Dillon in the case of Seymour v. Sanders, 3 Dill. 437, Fed. Cas. No. 12,690, says: "Taking this view by Judge Dillon as a correct one, it will be seen that the entry by the homesteader, and this exemption from liability for his debts, is in the nature of a contract, and that such homestead remains exempt from liability for the debts of such homesteader contracted prior to the issuance of the patent." This language is clearly applicable to an entry for a timber-culture claim, as the language of the provisions referred to in the law of 1891 is substantially the same as that used with reference to a homestead claim, excepting that in the latter case the exemption applies to a debt contracted before the patent issues, while in the timber-culture entry it is limited to the time of the issuance of the receiver's final receipt. Under the decision in that case, the decision of the trial court in the case before us was clearly correct.

The judgment and order denying a new trial are affirmed.