[L. A. No. 2992.   Department Two.—February 27, 1913.]

FLORENCE I. COOPER, Respondent, v. H. G. MILLER, Appellant.

DIVORCE—DECREE AWARDING COMMUNITY PROPERTY TO WIFE—HOMESTEAD DECLARED UNDER STATE LAWS MAY BE VACATED.—The court has power, by its decree granting a wife a divorce on account of the adultery of the husband, and awarding her community property on which a homestead had been declared under the state homestead laws, to vacate and dissolve the homestead. The effect of such a decree is to vest the title to the land in the wife, discharged of its homestead exemption under the state laws.

ID.—DECLARATION OF HOMESTEAD DOES NOT CREATE NEW TITLE.—The declaration of homestead under the state laws did not create a new title, and under the decree awarding the land to the wife and dissolving the homestead, the wife took the land under the same title by which it had been previously held.

ID.—EXEMPTION UNDER FEDERAL HOMESTEAD LAWS—REACQUISITION OF TITLE PREVIOUSLY PARTED WITH.—The exemption of land acquired under the United States homestead laws from liability for the satisfaction of debts contracted prior to the issuance of the patent, (U. S. Rev. Stats., sec. 2296), does not protect a patentee who had parted with title to the land and subsequently reacquired the title.

ID.—LIABILITY OF LAND HELD UNDER HOMESTEAD PATENTS FOR SATISFACTION OF DEBTS.—Where the land so awarded to the wife was held under patents of the United States issued to her and to her husband in pursuance of the federal homestead laws, such portion thereof as to which a patent had issued prior to her execution of a note, was liable to the satisfaction of the note; the portion as to which the patent issued after her execution of such note, remained exempt, under section 2296 of the United States Revised Statutes.

ID.—ESTOPPEL—RES ADJUDICATA—QUIETING TITLE TO LAND SOLD UNDER EXECUTION SALE—DENIAL OF MOTION SEEKING TO RESTRAIN SALE.—The denial of a motion by the wife to vacate an order directing the enforcement against such land of a judgment based upon such note, on the ground that she had never been served with summons in the action in which the judgment was rendered, does not estop her, under the doctrine of *res adjudicata*, from subsequently and after the land had been sold at execution sale under such judgment, from maintaining an action to quiet her title to the land, on the ground that it was exempt, under the federal laws, from liability for the satisfaction of the debt on which the judgment was founded.

APPEAL from a judgment of the Superior Court of Ventura County. Robert M. Clarke, Judge.

The facts are stated in the opinion of the court.

Louis Luckel, and Murphy & Poplin, for Appellant.

Watkins & Blodget, for Respondent.

HENSHAW, J.—This action was brought to quiet plaintiff's title to one hundred and twenty acres of land in Ventura County. The defendant Miller bases his title upon a sheriff's sale pursuant to an execution issued out of the superior court of Los Angeles County upon a judgment in his favor against the plaintiff, Florence I. Cooper, and J. F. Cooper, formerly her husband. The setting forth of plaintiff's title requires a longer narration of facts.

Plaintiff acquired title by patent from the United States under its homestead laws to the south half of the southwest quarter of section 35. This was in 1901. The adjoining forty acres to the west, being the southeast quarter of the southeast quarter of section 34, was patented to her husband, J. F. Cooper, in 1892. In 1897 the husband made his deed of grant to his wife, plaintiff herein, for this forty acres. Thereafter, in June, 1901, the wife recorded her declaration of homestead covering the whole one hundred and twenty acres. An action for divorce was instituted by plaintiff herein against her husband in 1904, and the interlocutory decree was duly entered on January 27, 1906. That decree provided as follows: "That the plaintiff is entitled to a divorce from the defendant; that when one year shall have expired after the entry of this interlocutory judgment, a final judgment and decree shall be entered granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between said plaintiff and said defendant shall be dissolved, and that the plaintiff is entitled to have awarded and set apart to her all of the real property described in the complaint, . . . all of which is community property, and the declaration of homestead thereon vacated and dissolved; and a final judgment and decree shall be entered when one year shall have expired from the date hereof, awarding all of the said real property to plaintiff and dissolving the said

homestead.'' The final decree was entered upon January, 1907. It was silent concerning and made no final disposition of the property. Thereafter, upon April 21, 1907, upon motion of Mrs. Cooper, plaintiff in the divorce action and plaintiff here, the decree was amended, the court declaring that, through its oversight, inadvertence, and mistake, it had failed to embody in the final decree all the matters and things therein intended to be embodied. Wherefore on motion of Donald Barker, Esq., attorney of plaintiff, the final decree heretofore entered is hereby amended, and plaintiff is awarded relief as follows:

''It is hereby declared that said plaintiff, Florence I. Cooper, is entitled to have set apart to her the real property hereinafter described, which said real property was at the time of filing of the complaint community property of the plaintiff and defendant, and the declaration of homestead thereon is hereby vacated and dissolved, and the said real property is hereby set apart and awarded to the plaintiff without any restriction whatever, and plaintiff is hereby declared to be the owner thereof, freed from any claim or demand whatsoever of the defendant or any person claiming by, through or under him. Said real property is described as follows:'' Here follows a description of the two parcels of land in controversy.

The debt upon which judgment was secured against the Coopers was contracted in 1892. A homestead patent to Mrs. Cooper had issued in 1901. Appellant's contention upon these facts is that Mrs. Cooper, by virtue of her declaration of homestead, and by her own affirmative act in causing the dissolution of that homestead and the setting over to her of the one hundred and twenty acres, acquired thereby a new title, which title was subject to all of her debts and liabilities. By respondent it is argued that it is beyond the power of the court to dissolve or vacate a homestead in the divorce proceedings when all of the community property is awarded to either spouse, as was done in this case, and properly done because of the adulterous conduct of the husband. And, further, respondent argues that if this position be not well taken, still unquestionably the eighty acres patented to Mrs. Cooper under the homestead laws of the United States is forever freed

from the claim of any debt contracted prior to the issuing of her patent.

It is important to bear in mind the titles by which the respondent held the two parcels of property at the time she made her declaration of homestead thereon: Both parcels, under the decree of divorce, were declared to be community property, but title to the eighty acres was acquired by patent from the United States under its homestead laws, while title to the second vested in her by virtue of the deed of grant from her husband. The decree of divorce not only set aside to her this property absolutely, as it was competent for the court to do, but, at the invitation of the respondent herself, the decree "vacated and dissolved the homestead." This decree was not beyond the power of the court to make, and its effect was to vest the title in the respondent and to destroy the homestead declared under the California homestead law. (*Shoemake* v. *Chalfant,* 47 Cal. 432; *Burkett* v. *Burkett,* 78 Cal. 310, [12 Am. St. Rep. 58, 3 L. R. A. 781, 20 Pac. 715]; *Huellmantel* v. *Huellmantel,* 124 Cal. 583, [57 Pac. 582]; *Bahn* v. *Starcke,* 89 Tex. 203, [59 Am. St. Rep. 40, 34 S. W. 103].) But the homestead, and consequently the homestead exemption, having thus been dissolved and destroyed, appellant further contends that because respondent included in her homestead declaration the eighty acres of land acquired by her from the United States under its homestead laws, when the decree of divorce awarded her the property, it came back to her divested of the exemption and protection of the federal statute. (Revised Stats. U. S., sec. 2296, [6 Fed. Stats. Ann. 307, U. S. Comp. Stats. 1901, p. 1398].) It is, of course, well settled that this federal exemption does not protect one who has parted with title to the land and subsequently acquired that title. (*DeLany* v. *Knapp,* 111 Cal. 165, [52 Am. St. Rep. 160, 43 Pac. 598].) Appellant contends that *Taylor* v. *Hargous,* 4 Cal. 273, [60 Am. Dec. 606], announces the doctrine that upon a declaration of homestead a new title, in the nature of a joint tenancy, is created. But this construction was subsequently overruled by *Gee* v. *Moore,* 14 Cal. 472, and the operation and effect of a homestead declaration, as declared in *Gee* v. *Moore,* has been consistently adhered to since. Therefore it follows that upon the restoration to respondent by the di-

vorce court of this property, she took it in the present instance under no new title; nor had she parted with title so as to waive or destroy the federal homestead exemption. As to the forty acres, however, the case presents a different aspect. The patent to the forty acres was issued on March 26, 1892. The notes upon which appellant recovered judgment against respondent and her former husband were executed May 24, 1892, after the date of the patent. This forty acres was, therefore, never at any time, by virtue of the federal laws, exempt from this debt. (*Struby-Estabrook Mercantile Co.* v. *Davis,* 18 Colo. 93, [36 Am. St. Rep. 266, 31 Pac. 495]; *Leonard* v. *Ross,* 23 Kan. 292; *Flanagan* v. *Forsyth,* 6 Okl. 225, [50 Pac. 152].) It follows herefrom that the eighty acres were exempt from execution, levy, and sale under the Miller judgment, and the forty acres were not so exempt.

After an order had been made by the superior court enforcing the Miller judgment and before the sheriff's sale, the respondent applied to the superior court to have the order enforcing the judgment vacated. The hearing came on and was on December 17, 1910, denied. It is argued that this determination upon the order to show cause was *res adjudicata* and worked an estoppel by judgment against the present action brought by plaintiff. That a decision of a court upon an order such as this may, in proper cases, be pleaded as *res adjudicata* is unquestioned. (*Lake* v. *Bonynge,* 161 Cal. 120, [118 Pac. 535].) But it is *res adjudicata* only upon the matters adjudicated under the motion, and here it is established upon the face of the record that the sole ground was that respondent had not been served with summons in the Miller action, and it is at least doubtful whether the respondent in its motion could have sought an adjudication of the questions considered and determined in the present action. (*Roth* v. *Insley,* 86 Cal. 134, [24 Pac. 853].)

Wherefore the judgment is ordered modified and the court directed to decree that the forty acres of land were subject to the execution, levy and sale and to the legal rights of appellant which may have arisen by virtue of such execution and sale. Appellant will recover his costs.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.