HERAN, Respondent, v. ELMORE, Appellant.

(157 N. W. 820.)

(File No. 3887.   Opinion filed May 1, 1916.)

**1. Public Lands—Federal Domain—Mortgage on Federal Homestead—Agreement for Mortgage—Federal Statute.**

Rev. Stat. U. S., Sec. 2996 (U. S. Comp. St. 1913, Sec. 4551), providing that no lands acquired under the provisions of the Homestead Act of May 20, 1862, Ch. 75, 12 Stat., 392, shall in any event become liable to the satisfaction of any debt contracted prior to the issuance of patent therefor, does not prohibit voluntary good-faith alienation by way of mortgage; said Sec. 2296 not having been intended as an avenue for the commission of fraud. So held, in a suit to cancel a certificate of execution sale of federal homestead land, in which suit defendant set up, as a basis of said sale, a judgment in a former action on a promissory note executed by the present plaintiff in connection with an oral agreement to execute a mortgage upon homestead land by plaintiff, a federal homesteader, in consideration of a present loan to him by defendant, evidenced by the note, to enable him to enter the homesteaded land and to pay land office fees, make necessary improvements, and to reside upon and cultivate the same.

**2. Same—Mortgage on Federal Homestead Before Entry—Estoppel to Deny Validity of.**

One who has given a mortgage upon his government homestead before final proof may, after issuance of patent, be estopped to deny the validity of the mortgage.

**3. Specific Performance—Mortgage of Realty—Oral Agreement to Give, Enforcement.**

An oral agreement, by a federal homestead entryman, to execute a mortgage upon the land after patent issues, in consideration of a present loan to him, is capable of being specifically enforced in a court of equity.

**4. Public Lands—Federal Homestead, Agreement to Execute Mortgage on—Validity of Agreement—Federal Statute.**

Under Rev. St. U. S., Sec. 2296, providing that no land acquired under the Homestead Act shall in any event become liable to the satisfaction of any debt contracted prior to issuance of patent, held, that a homestead occupant, prior to

date of making final proof, can make a valid contract to give a mortgage thereon.

5. **Specific Performance—Part Performance, to What Agreements Applicable.**

The doctrine of part performance of oral contracts applies only to such agreements as would have warranted specific performance had the contract been in writing instead of oral. So held, in determining the rights of one who loaned money to a federal homesteader upon an oral agreement by the latter to execute a mortgage upon the land after patent issued, or to procure a loan thereon from a third party with the proceeds of which the loan in question would be paid.

6. **Same—Part Performance—Restoring Lender to original Condition—Insolvency of Borrower as Affecting Specific Performance—Pleading.**

To warrant specific performance, such acts of part performance must exist that the complaining party cannot be replaced in his original position, or adequately compensated by damages; the payment of the money loaned by lender, not being of itself sufficient part performance, since, unless the borrower is insolvent, the lender may recover at law. Therefore, held, in a suit to set aside an execution sale certificate upon a judgment in a former action on a promissory note executed by the present plaintiff in connection with an oral agreement to execute a mortgage upon a federal homestead, after patent issued, in consideration of a present loan to the homesteader, that it was necessary for defendant in the present suit to allege insolvency of plaintiff and that plaintiff had not other property than said homestead from which a judgment at law might be satisfied.

7. **Execution—Cancellation of Sale Certificate Based Upon—Title Through Execution Sale of Federal Homestead—Federal Statute.**

Under Rev. St. U. S., Sec. 2996, providing that no lands acquired under provisions of the Homestead Act shall in any event become liable to the satisfaction of any debt contracted before the issuance of patent, held, that the owner of government homestead land, after patent issued, may have cancelled a sheriff's certificate of sale of the lands based upon an execution levied thereon under procedure in an action at law to recover a debt incurred before the entryman made final proof on the land and issuance of patent, defendant having failed to allege in defense that plaintiff, defendant in the action in which the execution sale certificate was issued, is insolvent and has no other property than said land from which to satisfy the judgment in the former suit.

Appeal from Circuit Court, Tripp County. HON. WILLIAM WILLIAMSON, Judge.

Action by John W. Heran, against Frank R. Elmore, to set aside an execution sale certificate, and praying a decree that same is not a lien upon realty. From an order sustaining a demurrer to a portion of defendants answer, he appeals. Order affirmed, and cause remanded.

*N. D. Burch,* for Appellant.

No appearance on behalf of Respondent.

(1) To point one of the opinion, Appellant cited: Weber v. Laidler, 26 Wash. 144; 90 Am. St. Rep. 726; Larson v. Weisbecker, 1 Dec. Dept. Int. 409; Norris v. Heald, 12 Mont. 282; 33 Am. St. Rep. 581. See also Wilcox v. John, 21 Colo. 367; 62 Am. St. Rep. 246; Spiess v. Neuberg, 71 Wis. 279; 5 Am. St. Rep. 211; Lang v. Morey, 40 Minn. 396. 12 Am. St. Rep. 748; Risdon v. Davenport, 4 S. D. 555; 57 N. W. 482.

(2) To point two of the opinion, Appellant cited: Christy v. Dana 34 Cal. 548; Kirkaldie v. Larrabee, 31 Cal. 455.

(3) To point three of the opinion, Appellant cited: Baker v. Baker, 2 S. D. 261, 49 N. W. 1064; See also School Dist. No. 1 v. Holt, 226 Mo. 406 136 Am. St. Rep. 651.

McCOY, J. This is an appeal from an order sustaining a demurrer to a portion of defendant's answer, from which order defendant appeals. It, in substance, appears from the complaint that the defendant in this action, as plaintiff in another action, on the 9th day of January, 1913, recovered a judgment in the circuit court of Tripp county against the plaintiff in this action, as defendant in that action, for the sum of $439.60, on a promissory note executed and delivered by the plaintiff, respondent, to the defendant, appellant, on the 1st day of March, 1910; that on the 27th day of June, 1913, the appellant, as plaintiff in that action, caused an execution under said judgment to be levied upon a certain quarter section of land in Tripp county then owned by the respondent, as defendant in said prior action, and under and by virtue of which execution and levy said land was sold at sheriff's sale to the appellant, and a sheriff's certificate of sale was thereupon issued and delivered to him as such purchaser;

that the indebtedness upon which said judgment was based, being said promissory note made on the 1st day of March, 1910, was incurred long prior to the time when this plaintiff made final proof on said land and long prior to the time when the patent for said land was issued to this plaintiff by the government under the homestead laws of the United States; that this defendant now claims title and interest in and to said land adverse to plaintiff, but plaintiff alleges that this defendant has no title, claim, or interest to said land in law or equity as against the title of this plaintiff under his patent from the United States; plaintiff prayed judgment and decree canceling said sheriff's certificate of sale and decreeing the same not to be a lien on said land. The defendant by answer admitted the rendition of said prior judgment and the sale of said land and issuance of said sheriff's certificate of sale, and that said judgment was based on the said note made on the 1st day of March, 1910, and also admitted that he claims title and interest in said land adverse to plaintiff, and for an affirmative defense alleged that on or about the 1st day of March, 1910, the defendant and plaintiff, and plaintiff's wife, entered into an oral contract whereby it was agreed that if defendant would loan to plaintiff and wife the sum of $375 to enable them to enter the said land under the homestead laws of the United States, and to pay the land office fees, and to make necessary improvements, and to reside upon and cultivate the same, that the plaintiff and his wife would, as soon as they could acquire title thereto, procure a loan on said land and repay the defendant the amount so loaned, and that in the event the plaintiff and wife should be unable to make a loan thereon, that they would execute and deliver to this defendant a first mortgage lien on said premises, and that defendant should at all times have a first lien on said land for all said moneys so loaned or advanced until the same should be fully repaid; that under and by virtue of said contract and in compliance therewith this defendant advanced and loaned to the plaintiff and wife the sum of $375 which plaintiff and wife accepted, received and used in acquiring title to said land; that the defendant did all that was required of him to be done under the terms of said contract; that during the year 1911 plaintiff made final proof on said land and acquired title under the laws of the United States;

that thereupon this defendant demanded of plaintiff and his wife that they specifically perform said contract and make a loan on said premises and pay him the amount then due, or that they execute and deliver to him a first mortgage lien thereon; but plaintiff and his wife refused and failed to comply with said demand or to comply with the terms of the contract heretofore set forth, and retained and kept all the consideration and money received under said contract, and have failed and neglected to pay defendant or in any manner satisfy said indebtedness; that the indebtedness upon which the judgment mentioned in plaintiff's complaint is based, and upon which an execution and a sale and a certificate was issued to defendant, is the same indebtedness incurred under the aforesaid contract; that this defendant now claims title by virtue of said certificate of sale, and that plaintiff ought not at this time be allowed to assert any title or interest in and to said land adverse to this defendant, by reason of his having accepted the consideration thereunder and upon an express agreement to allow defendant a lien thereon to secure said indebtedness, and that he is now estopped from setting up or asserting title against the interest of defendant; that defendant relied upon plaintiff's promise to give him a first mortgage, and but for said promise would not have made said loan. To this answer plaintiff interposed a demurrer upon the ground that the same did not state facts sufficient to constitute a defense to plaintiff's complaint. The demurrer was sustained, and which ruling of the court, the defendant now urges as error.

[1-6] We are of the view that the learned trial court ruled properly upon said demurrer. We are of the view that the facts of this case clearly fall within the purview of section 2296, Rev. Stat. U. S., in substance providing that no lands acquired under the provisions of the Homestead Act shall in any event become liable to the satisfaction of any debt contracted prior to the issuance of the patent therefor. Gould v. Tucker, 18 S. D. 281, 100 N. W. 427; Van Doren v. Miller, 14 S. D. 264, 85 N. W. 187; 6 Fed. Stat. Ann. p. 307; Seymore v. Sanders, 3 Dill. 437, Fed. Cas. No. 12,690. But this section 2296 of the federal statute was never intended as an avenue for the commission of fraud, and it does not prohibit voluntary good-faith alienation by way of mortgage. It seems to be generally held that one who has

given a mortgage on his government homestead before final proof may, after the issuance of patent, be estopped to deny the validity of such mortgage.   Klempp v. Northrop, 137 Cal. 415, 70 Pac. 284; Kirkaldie v. Larrabee, 31 Cal. 456, 89 Am. Dec. 205; Weber v. Laidler, 26 Wash. 144, 66 Pac. 400, 90 Am. St. Rep. 726; Stark v. Duvall, 7 Okl. 213, 54 Pac. 453.   The agreement alleged in the answer of defendant constitutes an oral contract to give a mortgage on real property capable of being specifically enforced in a court of equity. Baker v. Baker, 2 S. D. 261, 49 N. W. 1064, 39 Am. St. Rep. 776. If plaintiff might have given a mortgage on his homestead he also could have entered into a contract to give a mortgage thereon.   This answer of defendant must be tested by what would have been necessary for him, as a plaintiff, to have alleged in a complaint for specific performance of an oral contract on the ground of part performance.

The doctrine of part performance of oral contracts applies only to such agreements as would have warranted specific performance had the contract been in writing instead of being oral. Pom. Cont. § 99.   To warrant a decree of specific performance there must be such acts of part performance that the complaining party cannot be replaced in his original position, or adequately compensated by damages. "Acts may therefore be done by one party in part performance of the contract, and in reliance upon it, and which would not have been done without it, but which nevertheless will not entitle him to a decree of specific performance, because he may be restored to his former condition and his loss made up by a legal remedy; for this reason the payment by a purchaser is not of itself a sufficient part performance, since he may recover it at law." Pom. Cont. § 106.   It was necessary for defendant to allege the insolvency of plaintiff and that plaintiff had no other property from which the judgment in the legal action might be satisfied.   Brown v. Gin Works, 141 Ala. 580, 39 South. 243, 6 L. R. A. (N. S.) 585.   Defendant has alleged no such facts.   For aught that appears from the answer plaintiff and wife may be perfectly solvent and the owners of both personal and real property in abundance, liable to execution, and out of which the judgment in the legal action might be satisfied.   It was incumbent upon defendant in the counterclaim contained in his answer to allege facts showing that his remedy

at law was not adequate, and that it was impossible for him to place himself in his former condition by means of the legal remedy, and until he has done so he has not alleged cause for equitable relief.

[7] The defendant not having alleged facts entitling him to equitable relief, as against plaintiff's alleged cause of action, the question presented to us is clearly within the purview of section 2296. The plaintiff seeks to cancel a certificate of sale based on an execution, levied on the land in question, under procedure in a law action. Section 2296 prohibits the acquiring of title by such means. Weber v. Laidler, supra.

The order appealed from is affirmed, and the cause remanded.