MEADE COUNTY BANK OF STURGIS, Respondent, v.. FREDRICKS, et al, Appellants.

## (171 N. W. 607).

(File No. 4453.   Opinion filed March 29, 1919.)

1. **Mortgages—Homestead, Loan On, Contract by Husband and Wife· for Equitable Mortgage—Foreclosure, Findings, Sufficiency.**

     Findings in a suit to foreclose an alleged equitable mortgage· upon defendants' homestead, no mortgage having been executed by wife, that to induce plaintiff to advance to defendants, husband and wife, certain moneys, defendants would execute a mortgage thereon to secure payment thereof "of such sums as would be so advanced * * * before making of final proof on said land," and that, acting upon said representations and promises, plaintiff 'between time of entry of said land and conclusion of making final proof thereon, advanced and loaned to· defendants a specified sum,—might support a judgment of foreclosure, if supported by evidence.

2. **Mortgage—Homestead, Oral Mortgage on to Secure Advances Re· Final Proof—Evidence of Loan for Other Uses, Effect.**

     Evidence in a suit to foreclose an equitable mortgage on a homestead, (alleged to have been orally agreed for in consideration of certain advances by plaintiff to cover final proof), that. the greater part of the amount sought to be secured by foreclosure was advanced prior to any promise to give a mortgage· and not in reliance of such promise, and that the promise, if any, related to "funds to be used and also funds to prove up" on the land, was insufficient to warrant decree of foreclosure; there being no evidence that more than a fractional amount of the sum specified in the decree was advanced in reliance upon such promise, while it was undisputed that over half of the latter sum was indebtedness existing prior to the alleged promise.

3. **Appeals—Error—Foreclosure of Oral Mortgage on Homestead,. Loan for Final Proof, Evidence of Other Use of Money, Decree· for Whole—Whether Reversal, or Affirmance in Part**

     Where, on foreclosure of an alleged oral mortgage upon defendants' homestead (no mortgage having been signed by wife), based upon an alleged promise of defendants to execute a.. mortgage in consideration of money advances to cover final!

proof on the land, the evidence showing that the greater part of the money was advanced for other purposes and before date of alleged promise; that respondent mortgagee undertook to foreclose a mortgage it knew to be invalid even if the property were not a homestead, since mortgage was not to have effect until executed by wife; that, failing in this attempt, it asked the court to give it an equitable mortgage to secure the whole sum when, from plaintiff's own evidence, it appears the equitable right, if in fact wife ever made such promise, was merely one to an equitable mortgage securing about one-third the amount sought; therefore, held, respondent is not in court with clean hands; and judgment should be reversed, rather than modified by upholding the judgment as security for said one-third.

Appeal from Circuit Court, Meade County. HON. JAMES McNENNY, Judge.

Action by The Meade County Bank of Sturgis, a corporation, against James Fredericks and another, to foreclose an equitable mortgage on realty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*Christopherson & Melquist*, for Appellants.

*A. W. Devers*, for Respondent.

(2) To point two of the opinion, Respondent cited:

Foster Lumber Co., v. Harlan Co. Bank, (Kas.) 80 Pac. 49.

WHITING, J.   Action to foreclose mortgage on real estate. Mortgage signed by husband alone. Defense that it was invalid, because land was the homestead of mortgagor and wife and she did not join in the execution of the mortgage; also, that mortgage was not to be effective until executed by wife. Plaintiff evidently realized the invalidity of the mortgage pleaded, because, after introducing into evidence such mortgage and the note described therein, it proceeded, as against both defendants, to introduce evidence to establish an equitable oral mortgage. The trial court entered findings and conclusions and rendered judgment for plaintiff, and defendants have appealed.

The trial court found the following facts which alone give any suport to its conclusions and judgment:

That defendants "represented to the said plaintiff, for the purpose of inducing the said plaintiff to advance money to them, the said defendants, for their use and benefit that if the said plaintiff would advance such money to the defendants they and

each of them as husband and wife would execute a mortgage, covering the land hereinbefore described, to the plaintiff to secure the payment of such sums as would be so advanced to the said defendants before the making of final proof on said land and that the defendants and each of them did promise and agree in consideration of the plaintiff advancing various sums of money to the said defendants at various times as above stated, to execute and deliver said mortgage to the said plaintiff.

"That acting upon said representations and promises of said defendants, the plaintiff, between the time of the said entry of said land by defendants and the making of said proof thereon, and at the time of making of said final proof, advanced and loaned to the said defendants the sum of eight hundred dollars."

[1, 2] The above facts might support a judgment under the decisions of this court in Baker v. Baker, 2 S. D. 261, 49 N. W. 1064, 39 Am. St. Rep. 776, and Heran v. Elmore, 37 S. D. 223, 157 N. W. 820; but the findings are unsupported by the evidence. Under respondent's own evidence, the greater part of the amount to secure which respondent seeks to have the court decree an equitable mortgage, was advanced prior to any promise to give a mortgage and therefore not in reliance upon any such promise. Furthermore such evidence shows that the promise, if any, given by appellants, related to "funds to be used and also funds to prove up on some land." It was incumbent to show just what was advanced in reliance upon such alleged promise. There is no evidence that more than $270 in all was advanced in reliance upon such promise, while the trial court found that $800 was so advanced. It appears affirmatively, and without dispute, that over half of the $800 was indebtedness existing prior to any alleged promise. There is no evidence to show when a part of the $800 was advanced.

[3] Should the judgment be reversed or upheld as security for the $270 and interest? Respondent introduced in evidence a letter which discloses that respondent knew that the written mortgage was executed by the husband and left with respondent to be executed by the wife. The evidence is undisputed that respondent knew the land was the home of appellants at the time the written mortgage was signed by the husband. The following

facts are therefore perfectly clear in this case: Respondent undertook to foreclose a mortgage which it knew to be invalid, even if the property described were not a homestead, because it was not to go into effect until executed by another grantor. It undertook to foreclose a mortgage which it knew covered homestead land and was invalid because not executed by both husband and wife. Failing in this attempt, it asked a court of justice to give it an equitable mortgage to secure $800 when, from the evidence offered by itself—the testimony of the person to whom, as an officer of respondent, it is claimed the promises were made—it appears that the equitable right, if in fact there was ever any promise on the part of the wife upon which such right could rest, was merely a right to an equitable mortgage securing about one-third the amount sought. We are of the opinion that respondent has not come into court with clean hands.

The judgment appealed from is reversed.