[Civ. No. 8235. First Appellate District, Division Two.—January 21, 1932.]

SOUTHERN CALIFORNIA FINANCE COMPANY (a Corporation), Respondent, v. SIDNEY DAVIS, Appellant.

Tobias R. Archer for Appellant.

Clark & Bowker and James E. Neville for Respondent.

JAMISON, J., *pro tem.*—This appeal is from a judgment granting a permanent injunction restraining appellant from having an execution issued to collect a judgment for $5,000 and costs in favor of appellant and against the Lakeside Golf Club.

This judgment was rendered in action No. 204917, Superior Court of Los Angeles County, in which appellant was plaintiff and the Lakeside Golf Club and others were defendants. The judgment was rendered against the Lakeside Golf Club alone. Consolidated with action No. 204917, for the purpose of the trial, was action No. 220761 in which appellant was plaintiff and H. J. Heffron and wife were defendants. These actions were both brought to quiet the title to a portion of a certain tract of land then owned by appellant and for damages for the wrongful diversion of water upon appellant's said land. Appellant had judgment in both of these cases. In No. 209417 against the Lakeside Golf Club he had judgment quieting his title and for damages in the sum of $5,000 together with costs, and in No. 220761, he also had judgment quieting his title and for costs, but in this case appellant did not recover damages. Judgments in both cases were rendered on March 2, 1928.

On March 16, 1928, motions for new trial were filed in both of these cases and on May 5, 1928, both motions were denied.

On May 2, 1928, one George R. Bury entered into a contract with appellant to purchase from him a tract of land then owned by appellant which included the portion which was involved in the said two cases, Nos. 204917 and 220761. On May 11, 1928, the said Bury assigned all his interest in said contract to respondent. By the terms of said contract the said Bury was to deposit in escrow $14,500 in cash and execute a note, secured by a deed of trust, for $131,000, the remainder of the purchase price, he having paid appellant $500 at the time the contract was executed. All of Bury's agreements were performed and on May 18, 1928, the escrow was closed. The said contract contained the following agreement: "It is further understood that (Bury) is not responsible in any way for any litigation on herein described property prior to release from escrow, except that Buyer is to have all of the rights and benefits that may have accrued to said seller (Davis) up to time of escrow release, and thereafter Buyer is to control litigation."

It appears that the main question for consideration upon this appeal revolves around this clause in the contract. Respondent claims that the part of said clause which sets forth, "that buyer is to have all the rights and benefits that may have accrued up to time of escrow release", entitles it to all rights and benefits that have accrued from the litigation in said cases, Nos. 204917 and 220761, including the judgment for $5,000 and costs in case No. 204917, rendered against the Lakeside Golf Club, while appellant contends to the contrary. In support of his contention appellant claims that no mention is made in the contract of the judgment for $5,000, and no consideration provided therefor.

It appears that the portion of the tract that was in litigation in the said two cases was the easterly twenty-five feet that adjoined the land occupied by the Lakeside Golf Club, this twenty-five feet being included in the land conveyed to respondent under the assignment of said contract. The following clause appears in said contract: "The Buyer agrees that title will be satisfactory provided satisfactory

title is furnished on that portion of herein described property, other than the East twenty-five feet at present under litigation.'' This waiver of a clear title to the said twenty-five feet in litigation, · coupled with the agreement of the buyer to shoulder the burden of any continued litigation over this portion of the land agreed to be conveyed to him, would seem to be a sufficient consideration for the transfer to him of the rights and benefits accruing from the said litigation.

It is true that the contract does not specifically mention the judgment for damages to the land, but it does state, in effect that the buyer shall have all the rights and benefits from the litigation that shall have accrued up to the time the escrow was released. It is manifest that one of the benefits received from the litigation prior to the release from escrow was the $5,000 judgment. ■ If there is any uncertainty in the wording of the contract with respect ·to this matter, . then such being the case, the language of the contract should be interpreted most strongly against the party who caused the uncertainty to exist, and in the absence of evidence indicating which of the parties drew the contract, the presumption is that the promisor drew it. (Sec. 1654, Civ. Code; *McClintick* v. *Leonards,* 103 Cal. App. ·768 [285 Pac. 351].) The evidence is silent as to who drew the contract.

We are of the opinion that the reasonable construction to be' placed upon said contract leads to the conclusion that the $5,000 judgment for damages to the land agreed to be conveyed to plaintiff's assignor by said contract, was included therein by the terms thereof.

■ On or about November 1, 1928, the said Bury filed motions in each of said cases Nos. 204917 and 220761 for substitution of attorneys for plaintiff which motions were denied by the court. Appellant contends that the denial of these motions operates as a bar to the action now under consideration. He cites no authorities in support of this contention. Generally speaking mere orders on motion are not *res judicata.* (15 Cal. Jur. 112.) But they are *res judicata* only upon the matters adjudicated under the . motions. (*Cooper* v. *Miller,* 165 Cal. 31 [130 Pac. 1048].) From the record it appears that the only matter determined by the court was whether or not a substitution of

attorneys should be made. Upon what grounds the motions were denied is not disclosed. We see no merit in this contention.

Appellant also contends that portions of the findings are not supported by the evidence, but we find this contention to be also without merit.

We are of the opinion that the judgment should be and it is hereby affirmed.

Nourse, P. J., and Spence, J., concurred.